IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| PATRICIA ANN TROSPER, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF UTAH, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:21-cv-00489-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

Pro se Plaintiff Patricia Ann Trosper ("Plainitff") has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP Statute").[1]  Before the court is the review of Plaintiff's complaint[2] under the authority of the IFP Statute.  As explained below, Plaintiff is allowed to amend her complaint, but if she does not the court will recommend dismissal of this action with prejudice.

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[3]  In determining whether a

---

[1] ECF No. 4.

[2] ECF No. 5.

[3] 28 U.S.C. § 1915(e)(2)(B)(ii).

complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[4]  Under that standard, the court "look[s] for plausibility in th[e] complaint."[5]  More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[6]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[7] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[9]  Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on

---

[4] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[5] *Id*. at 1218 (quotations and citations omitted) (second alteration in original).

[6] *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

[7] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original) (citations omitted).

[9] *Id*.

notice of the basis for the claims against it.[10] The twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[11]

In analyzing Plaintiff's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[12] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[13] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[14] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the

---

[10] *Twombly*, 550 U.S. at 555.

[11] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[13] *Bellmon*, 935 F.2d at 1110.

[14] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

>plaintiff's well-pleaded factual contentions, not his conclusory allegations.[15]

Although the court may not act as a pro se litigant's advocate, the Tenth Circuit has encouraged courts to "helpfully advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated."[16]

Under the foregoing standards, and even when the court liberally construes Plaintiff's complaint, it fails to satisfy the minimum pleading requirements of Rule 8(a)(2). Plaintiff identifies her case as a "Civil Rights" action and asserts claims under 18 U.S.C. §§242 and 245, and 41 U.S.C. § 14141.[17] However, none of those statutory provisions confer a private right of action. Indeed, 18 U.S.C. §§ 242 and 245 are criminal statutes and cannot be enforced in a

---

[15] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[16] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[17] ECF No. 5 at 4.

private civil action.[18]  Further, 42 U.S.C. § 14141 specifically provides that a civil action under that section may be brought only by the Attorney General.[19]

Moreover, Plaintiff's bare form complaint is entirely devoid of factual allegations. Without any factual allegations, the court is unable to draw a reasonable inference that any of the defendants have engaged in unlawful conduct.  Specifically, Plaintiff fails to allege *who* did *what* to *whom*. However, considering Plaintiff's pro se status, the court will provide Plaintiff an opportunity to amend her complaint to comply with the rules.

For those reasons, and pursuant to the standards for dismissal under Rule 12(b)(6), the court concludes that Plaintiff's complaint fails to state claims upon which relief can be granted. At the same time, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has

---

[18] *Mendia v. City of Wellington*, No. 10-1132, 2010 WL 4513408, at *5 (D. Kan. Nov. 2, 2010) (providing that no private right of action exists under 18 U.S.C. §§ 241, 242, and 245); *Bonadeo v. Lujan*, No. 08-0812, 2009 WL 1324153, at *21 (D.N.M. April 30, 2009) ("A person can neither sue directly under section 241, 242 or 245 of Title 18 of the U.S. Code, nor use them as a predicate for a section 1983 action."); *see also Houck v. Gurich*, 515 Fed. App'x 724, 724-25 (10th Cir. 2013) (affirming dismissal of complaint because 18 U.S.C. § 242 provides no private right of action); *Henry v. Albuquerque Police Dept.*, 49 Fed. App'x 272, 273 (10th Cir. 2002) (affirming dismissal of claims arising under 18 U.S.C. §§ 241 and 242 because they "like other [criminal] statutes, do not provide for a private civil cause of action"); *John's Insulation, Inc. v. Siska Constr. Co.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991) (explaining that section 245 confers neither substantive rights nor a private right of action for damages).

[19] 42 U.S.C. § 14141 (authorizing Attorney General to investigate and, if warranted, file civil litigation to eliminate a "pattern or practice of conduct by law enforcement officers . . . that deprives persons of right, privileges, or immunities secured or protected by the Constitution or laws of the United States"); *see, e.g., Gallacher v. Kisner*, No. 2:08-cv-845, 2009 WL 2058432, at *5 (D. Utah July 15, 2009) (dismissing plaintiff's claims under 42 U.S.C. § 14141 because it does not provide for a private right of action); *Mahan v. Huber*, No. 09cv98, 2010 WL 749815, at *6 (D. Colo. Mar. 2, 2010) (noting that 42 U.S.C. § 14141 provides a right of action to the Attorney General, not the plaintiff).

alleged and it would be futile to give [her] an opportunity to amend."[20]  Accordingly, Plaintiff is hereby provided with an opportunity to amend her complaint.  Plaintiff must file an amended complaint that complies with the requirements set forth in the above-referenced authorities on or before November 1, 2021.  Failure to do so will result in the court recommending dismissal of this action.

DATED October 5, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[20] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).