FILED
2021 DEC 10 PM 1:42
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **PATRICIA ANN TROSPER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**STATE OF UTAH, et al.,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER DISMISSING AMENDED COMPLAINT**<br><br>**Case No. 2:21-cv-00489-JCB**<br><br>**Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, Plaintiff Patricia Ann Trosper ("Ms. Trosper") has consented to Magistrate Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is the review of Ms. Trosper's amended complaint under the authority of the IFP Statute. For the reasons stated below, Ms. Trosper's amended complaint is dismissed.

## BACKGROUND

On August 19, 2021, the court granted Ms. Trosper leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915 (the "IFP Statute") and placed her complaint on the court

---

[1] ECF No. 8.

docket.[2] In the original complaint, Ms. Trosper alleged that the named defendants had violated her civil rights under 18 U.S.C. §§ 242, 245, and 41 U.S.C. § 14141.[3]

On October 5, 2021, the court conducted a § 1915 review by way of a memorandum decision and order ("Order") and concluded that Ms. Trosper's complaint failed to state claims on which relief could be granted.[4] In the Order, the court noted that although Ms. Trosper identified her case as a "civil rights" action, she asserted claims under statutory provisions that did not confer a private right of action.[5] Additionally, the court noted that Ms. Trosper's bare form complaint was entirely devoid of factual allegations, leaving the court unable to draw a reasonable inference that any of the defendants engaged in unlawful conduct. The court specifically explained that Ms. Trosper had failed to "allege *who* did *what* to *whom*."[6]

Despite these deficiencies, the court recognized that dismissing a pro se plaintiff's complaint under the authority of the IFP Statute is proper "'only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend.'"[7] Accordingly, the court granted Ms. Trosper leave to file an amended complaint to address the deficiencies in the original complaint. On October 25, 2021, Ms.

---

[2] ECF Nos. 4, 5.

[3] ECF No. 5.

[4] ECF No. 9.

[5] *Id.* at 4-5.

[6] *Id.* at 5.

[7] *Id.* at 6 (quoting *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007)).

Trosper filed the amended complaint which is now before the court for review under the IFP Statute.[8]

## STANDARD OF REVIEW

The following standards govern the court's review of Ms. Trosper's amended complaint under the IFP Statute. Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted."[9] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[10] Under that standard, the court "look[s] for plausibility in th[e] complaint."[11] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[12] The court's Rule 12(b)(6) analysis incorporates Fed. R. Civ. P. 8, which requires that a complaint contain "a short and plain

---

[8] ECF No. 10.

[9] 28 U.S.C. § 1915(e)(2)(B)(ii).

[10] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[11] *Id*. at 1218 (quotations and citations omitted) (second alteration in original).

[12] *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

statement of the claim showing that the pleader is entitled to relief." [13]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[15] Rule 8 requires, at least, that the allegations of a complaint fairly notify the defendant of the factual basis for the claims against it.[16] This type of notice is require so that the defendant may respond and so the court can determine whether the allegations, if proven, show that the plaintiff is entitled to relief.[17]

In conducting its review under the IFP Statute, the court remains mindful that Ms. Trosper is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[18]  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[19] and the court "will not supply additional facts, nor will [it] construct a legal theory for

---

[13] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original) (citations omitted).

[15] *Id*.

[16] *Twombly*, 550 U.S. at 555.

[17] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[19] *Bellmon*, 935 F.2d at 1110.

[a pro se] plaintiff that assumes facts that have not been pleaded."[20]  Indeed, as the United States

Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not
> relieve the plaintiff of the burden of alleging sufficient facts on
> which a recognized legal claim could be based. . . . [C]onclusory
> allegations without supporting factual averments are insufficient to
> state a claim on which relief can be based.  This is so because a pro
> se plaintiff requires no special legal training to recount the facts
> surrounding his alleged injury, and he must provide such facts if
> the court is to determine whether he makes out a claim on which
> relief can be granted.  Moreover, in analyzing the sufficiency of the
> plaintiff's complaint, the court need accept as true only the
> plaintiff's well-pleaded factual contentions, not his conclusory
> allegations.[21]

Finally, because Ms. Trosper's original complaint was dismissed, the amended complaint

"must 'stand or fall on its own.'"[22] Facts and claims set forth in earlier pleadings are not and

cannot be incorporated by reference.[23]

## ANALYSIS

Although Ms. Trosper's pro se status relaxes the pleading standard, it does not eliminate

the basic requirement that her amended complaint must contain facially plausible claims. As the

court explained in its prior Order, "'to state a claim in federal court, a complaint must explain

---

[20] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[21] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[22]  *Gardner v. Long*, No. 2:18cv509, 2020 WL 10057890, at *2 (D. Utah Oct. 19, 2020) (quoting
*TV Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1025 (10th
Cir. 1992) ("The amended complaint must stand or fall on its own.")).

[23] *Gardner*, 2020 WL 10057890, at *2.

what each defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated.'"[24]

Despite the court's admonishment, Ms. Trosper's amended complaint does not satisfy these requirements. The first page of Ms. Trosper's amended complaint lists four defendants: (1) the State of Utah; (2) public defender Nick Falcone; (3) state prosecutor Emily Paulos; and (4) officer Jeffrey David Nelson 73M.[25] The remainder of the amended complaint is a collection of short documents that appear to have been authored by Ms. Trosper. These documents include: a "List of people I have spoken to about my case"; a letter from Ms. Trosper to Sim Gil requesting assistance with what appears to be a separate lawsuit involving a neighbor; and several brief summaries of discussions with or about the defendants and others.[26]

Even liberally construing Ms. Trosper's amended complaint, it fails to support a claim for relief. First, the documents that form the body of Ms. Trosper's amended complaint are completely void of any reference to a law or a protected right that Ms. Trosper claims has been violated. In sum, Ms. Trosper's narratives are not tethered to a stated cause of action. Additionally, the documents do not contain specific allegations of wrongdoing that can be attributed to any particular defendant. Once again, the court is unable to draw a reasonable inference that any of the defendants engaged in unlawful conduct. The court is unable to supply additional facts, nor can it construct a legal theory for Ms. Trosper that assumes facts that have

---

[24] ECF No. 9 at 4 (quoting *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).

[25] ECF No. 10 at 1.

[26] *See* ECF No. 10 at 2-9.

not been pleaded. Accordingly, even construing the documents liberally, the amended complaint fails to state a claim for relief.

The court recognizes that, in general, dismissal for failure to state a claim "is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."[27] Here, the court identified the deficiencies in Ms. Trosper's original pleading and allowed her an opportunity to amend.[28] Ms. Trosper's amended complaint, however, failed to cure the deficiencies, and under the facts and circumstances presented, allowing another opportunity to amend would be futile and a misapplication of judicial resources.

## CONCLUSION

For the reasons stated, under the authority of the IFP Statute, the court dismisses Ms. Trosper's amended complaint for failure to state a claim on which relief may be granted."[29]

DATED December 10, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[27] *Kay*, 500 F.3d at 1217-18.

[28] ECF No. 9.

[29] 28 U.S.C.§ 1915(e)(2)(B)(ii).